DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Perrysburg Municipal Court which denied the motion of defendant-appellant, Gary M. Wright, to vacate his no contest plea and sentence on one charge of domestic violence and to withdraw his no contest plea. Wright's appeal challenges that judgment through the following assignments of error:
 {¶ 2} "I. The trial court abused its discretion in finding that defendant had been informed of the effect of a no contest plea.
 {¶ 3} "II. The trial court abused its discretion in ruling to enforce defendant's plea in violation of the Ohio Constitution and the United States Constitution."
 {¶ 4} The facts of this case are as follows. On March 21, 2002, a complaint was filed in the Perrysburg Municipal Court charging Wright with one count of domestic violence in violation of R.C. 2919.25(A), a first degree misdemeanor. He was also charged, under a separate case number, with one count of disrupting a public service, a fourth degree felony. At his arraignment, Wright was shown a video tape in which the trial court judge explained the procedures that the court would follow and stated:
 {¶ 5} "You will be asked to enter what we call a plea. You may enter one of three pleas. The [sic] are: not guilty, which is a denial of the charges; guilty, which is a complete admission of guilt; and third, no contest, which is not an admission of guilt nor a proclamation of innocence. A no contest plea, however, may not be used against you at a later civil or criminal proceeding. * * *
 {¶ 6} "Should you choose to enter a guilty or no contest plea at this arraignment, judgment and sentencing could occur today. If you with [sic] to enter a not guilty plea, the matter will be set down at a later date where the prosecutor and all witnesses will appear."
 {¶ 7} In the tape, the court then explained appellant's rights as set forth in Crim.R. 10(C). Appellant was then called for arraignment and the court addressed him as follows:
 {¶ 8} "As charged this is a fourth degree felony, which means if you're convicted you could be assessed a fine of up to $5,000 and/or be sent to prison anywhere from six months to a year and a half.
 {¶ 9} "You're also charged with domestic violence. If you're convicted of that it carries a fine of up to $1,000, up to six months in jail. Excuse me. In addition, if you are convicted of domestic violence you will be prohibited from owning, purchasing or possessing a firearm and if you were ever charged in the future with the same offense that would be a felony."
 {¶ 10} The court then informed appellant that he needed a lawyer and appellant indicated that he had money to hire one. The court entered not guilty pleas on appellant's behalf and continued the case.
 {¶ 11} On April 2, 2002, appellant appeared in court for a preliminary hearing with his attorney, Michael Portnoy. At the beginning of the hearing, however, the prosecutor informed the court that he and appellant's counsel had reached an agreement to dismiss the felony charge in exchange for a plea on the domestic violence charge. The court then addressed appellant as follows:
 {¶ 12} "THE COURT: * * * Mr. Wright, you should know before you enter your plea that if you're convicted of this offense the penalty is a fine of up to $1,000, up to six months in jail, and you would be prohibited under Federal statute from owning, purchasing, or possessing a firearm. And if you are ever charged with this again it would be a felony. Understand.
 {¶ 13} "THE DEFENDANT: Yes, sir.
 {¶ 14} "THE COURT: All right. And what is your plea to the charge of domestic violence, a first degree misdemeanor?
 {¶ 15} "MR. PORTNOY: Just a second, Your Honor. Your Honor, I have spoken to the prosecutor (inaudible). I've spoken to the prosecutor (inaudible) Mr. Wright in a domestic violence program and we ask that that be part of the sentence as well.
 {¶ 16} "THE COURT: Okay. First, what is the plea?
 {¶ 17} "MR. PORTNOY: No contest, sir."
 {¶ 18} The court then found appellant guilty, sentenced him to 180 days in the Wood County Justice Center and assessed a fine of $1,000 plus court costs. The court suspended the sentence and placed appellant on three years probation on the condition that he successfully complete a domestic violence program. The judgment entry of sentence also notes that appellant was advised of the consequences of his plea, including that he would be prohibited from possessing, purchasing or owning a firearm. Appellant did not appeal his conviction and sentence.
 {¶ 19} On June 9, 2004, appellant filed a motion to vacate his no contest plea and sentence and a motion to rescind his plea agreement. Appellant asserted that his plea was not knowing, voluntary and intelligent because the plea was entered by his attorney without his consent, and that the state had breached the plea agreement. Appellant further asserted that pursuant to Crim.R. 32.1, the court should set aside the conviction and permit him to withdraw his plea to correct a manifest injustice. Substantively, appellant asserted throughout his motions that he was either unaware that he would incur a firearms disability upon his conviction or that he was assured that he would not incur such a disability. After a hearing on the motions, the lower court held that appellant had been fully advised, both at the arraignment and at the plea hearing, that a conviction for domestic violence would subject him to a federal firearms disability and that appellant knowingly, intelligently and voluntarily entered his no contest plea. The court therefore denied appellant's motion to vacate his plea and sentence. With regard to the motion to rescind the plea agreement, the court found no evidence of any plea agreement in the record and similarly no evidence of the terms of such agreement in the record. The court therefore found no validity to appellant's claim that the state breached a plea agreement and denied the motion to rescind.
 {¶ 20} In his first assignment of error, appellant challenges the trial court's denial of his motion to vacate the plea and sentence. Appellant asserts that the court's finding that he was informed of the consequences of his no contest plea was not supported by the record.
 {¶ 21} R.C. 2953.21 sets forth the procedure to be followed in filing a petition to vacate or set aside a judgment or sentence in a criminal case. That statute reads in relevant part:
 {¶ 22} "(A)(1)(a) Any person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief."
 {¶ 23} Petitions to vacate a sentence, however, have very strict time limits. R.C. 2953.21(A)(2) provides that "[i]f no appeal is taken [from the judgment of conviction] * * * the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal." R.C.2953.23 then provides that a court may not entertain a petition to vacate that has been filed after the expiration of the period set forth in R.C. 2953.21(A) unless sections R.C. 2953.23(A)(1) or (2) apply. Those sections read:
 {¶ 24} "(1) Both of the following apply:
 {¶ 25} "(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 {¶ 26} "(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.
 {¶ 27} "(2) The petitioner was convicted of a felony, the petitioner is an inmate for whom DNA testing was performed under sections 2953.71 to 2953.81 of the Revised Code or under section2953.82 of the Revised Code, and the results of the DNA testing establish, by clear and convincing evidence, actual innocence of that felony offense * * *."
 {¶ 28} Appellant's petition was clearly filed beyond the 180 day time limit set forth in R.C. 2953.21. Although appellant did not title his motion as a petition for postconviction relief, the Supreme Court of Ohio has stated that "where a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21." State v. Reynolds (1997), 79 Ohio St.3d 158, syllabus; see, also, State v. Bush, 96 Ohio St.3d 235,2002-Ohio-3993. Because the time for filing his notice of appeal had expired, we find this standard to be equally applicable to appellant's case and find that appellant's motion to vacate his sentence and plea was a petition for post conviction relief controlled by R.C. 2953.21. Because appellant filed the motion beyond the time limit and was not unavoidably prevented from discovering the facts upon which he relied in claiming that his plea was not knowing, voluntary and intelligent, the trial court did not err in denying, although for different reasons, the motion to vacate his plea and sentence. The first assignment of error is not well-taken.
 {¶ 29} In his second assignment of error, appellant challenges the trial court's ruling on his motion to set aside his no contest plea pursuant to Crim.R. 32.1. Appellant asserts that because his plea was not entered knowingly, intelligently and voluntarily, enforcement of the plea created a manifest injustice which the court must correct.
 {¶ 30} Crim.R. 32.1 reads: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Accordingly, a post-sentence motion to withdraw a no contest plea is granted only in extraordinary circumstances to correct "manifest injustice." State v. Smith
(1977), 49 Ohio St.2d 261, paragraph one of the syllabus. Furthermore, because a motion to withdraw a no contest plea is addressed to the sound discretion of the trial court, we will reverse the trial court's decision on such a motion only when the trial court has abused its discretion. Id. at 264. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1980),5 Ohio St.3d 217, 219.
 {¶ 31} The burden is on the movant to show manifest injustice. Smith, supra at paragraph one of the syllabus. Appellant bases his assertion of manifest injustice on his previous argument that his plea was not entered knowingly, intelligently or voluntarily. Appellant contends that the transcript and videotape recording of his plea demonstrate that because his attorney entered the no contest plea after whispered consultation with appellant, appellant did not understand the process and was not prepared to enter a plea. We have thoroughly reviewed both the written and videotaped recordings of the plea hearing and cannot say that the trial court abused its discretion in concluding that appellant entered a knowing, intelligent and voluntary plea. Nothing in the record indicates that appellant misunderstood the proceedings or disagreed when his counsel entered the no contest plea on his behalf. Appellant's constitutional rights were fully explained to him at his first appearance. The court then twice explained to appellant that a conviction for domestic violence would subject him to a federal firearms disability. The fact that a defendant was mistaken concerning the penalty to be imposed for an offense does not ipso facto rise to the level of manifest injustice. State v. Grigsby
(1992), 80 Ohio App.3d 291, 300.
 {¶ 32} Accordingly, the trial court did not err in denying appellant's Crim.R. 32.1 motion to withdraw his no contest plea and the second assignment of error is not well-taken.
 {¶ 33} On consideration whereof, we find that appellant was not prejudiced or prevented from having a fair trial and the judgment of the Perrysburg Municipal Court is affirmed. Appellant is ordered to pay the costs of this appeal for which sum judgment is rendered against appellant on behalf of Wood County and for which execution is awarded. See App.R. 24.
Judgment affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J., Pietrykowski, J., Singer, P.J., Concur.