ACCELERATED JOURNAL ENTRY and OPINION
{¶ 1} This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1.
 {¶ 2} Defendant-appellant, Russell J. Schultz ("Schultz"), appeals the trial court's decisions dismissing his petition for postconviction relief and denying his motion for summary judgment. Finding no merit to the appeal, we affirm.
 {¶ 3} In September 2001, Schultz pled guilty to pandering obscenity involving a minor and was sentenced to four years of community control sanctions. In November 2002, he filed his petition for postconviction relief, alleging ineffective assistance of counsel and a violation of his equal protection rights. That same day, he also sought leave to file a delayed appeal, which this court denied in December 2002.
 {¶ 4} In September 2004, Schultz moved for summary judgment requesting that the court grant his petition for postconviction relief. The State moved to dismiss Schultz's petition because it was untimely. The trial court summarily denied his motion for summary judgment and granted the State's motion to dismiss the petition for postconviction relief.
 {¶ 5} Schultz appeals, raising three assignments of error, which will be addressed together.
 {¶ 6} In his assigned errors, Schultz challenges the trial court's dismissal of his petition for postconviction relief. In his first assignment of error, he claims that the trial court erred in failing to rule on his petition within 180 days, pursuant to Crim.R. 35. In his second assignment of error, he claims that the trial court erred in denying his motion for summary judgment. In his third assignment of error, he argues that the trial court erred when it dismissed his petition because his conviction was against the manifest weight of the evidence and he was denied effective assistance of counsel.
 {¶ 7} R.C. 2953.21 imposes certain time requirements for filing a petition for postconviction relief. R.C. 2953.21(A)(2) provides:
"A petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court. If no appeal is taken, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal."
 {¶ 8} In the instant case, Schultz's conviction was journalized in September 2001 and he did not timely file a direct appeal. Therefore, according to R.C. 2953.21(A)(2) his petition for postconviction relief had to be filed no later than April 2002. Schultz did not file his petition until November 2002, which is well beyond the statutory time limit. Thus, Schultz's petition is untimely.
 {¶ 9} Although a petition for postconviction relief is untimely, R.C. 2953.23(A)(1)(a) allows a trial court to entertain an untimely petition if: (1) the petitioner was unavoidably prevented from discovering the facts on which the petition is predicated, or (2) the United States Supreme Court has recognized a new federal or state right that applies retroactively to the petitioner and the petition asserts a claim based on that new right.
 {¶ 10} R.C. 2953.23(A)(1)(b) also requires that "the petitioner show by clear and convincing evidence that, but for constitutional error at trial, no reasonable fact finder would have found the petitioner guilty of the offense of which the petitioner was convicted * * *."
 {¶ 11} Unless the above exceptions apply, the trial court has no jurisdiction to consider an untimely petition for postconviction relief. State v. Warren (Dec. 14, 2000), Cuyahoga App. No. 76612; State v. Valentine (Dec. 7, 2000), Cuyahoga App. No. 77882; State v. Wheatt (Oct. 26, 2000), Cuyahoga App. No. 77292; State v. Gaddis (Oct. 12, 2000), Cuyahoga App. No. 77058.
 {¶ 12} Schultz has failed to demonstrate any of the above exceptions entitling him to relief. Therefore, the trial court lacked jurisdiction to consider his petition for postconviction relief.
 {¶ 13} Furthermore, Schultz claims that he was denied his constitutional right to effective assistance of counsel and that he was denied his constitutional right to equal protection under the law. It is well established that any claim for postconviction relief that was or could have been raised on direct appeal is barred from consideration by the doctrine of res judicata. Statev. Perry (1967), 10 Ohio St.2d 175, 226 N.E.2d 104, paragraph nine of the syllabus.
 {¶ 14} Schultz's claims of ineffective assistance of counsel and equal protection violations are issues that could have been raised on direct appeal because they do not involve evidence outside the record or any newly enacted right that retroactively applies to him. Because those claims were not raised at the earliest possible opportunity, they are also barred by res judicata. See Perry, supra.
 {¶ 15} Moreover, by pleading guilty, Schultz "may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." State v. Spates, 64 Ohio St.3d 269, 272,1992-Ohio-130, 595 N.E.2d 351.
 {¶ 16} Therefore, because Schultz's petition was untimely and no exception under R.C. 2953.23(A) applied, the trial court properly dismissed his petition for postconviction relief and denied his motion for summary judgment. Even if his petition was timely filed, his claims are barred by res judicata. Accordingly, his assignments of error are overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Karpinski, J. and McMonagle, J. concur.