JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Petitioner Bernard Wells appeals from the denial of his petition for postconviction relief. For the reasons set forth below, we affirm.
 {¶ 2} On June 19, 1995, petitioner was indicted on a one-count indictment charging felonious assault with a violence specification. The matter proceeded to a jury trial on March 18, 1996. The evidence at trial indicated that five assailants, including petitioner, attacked James Davis and his uncle, Lynzell Hereford, when petitioner's girlfriend wanted to use a payphone that Hereford was using. In his defense, petitioner stated that he did not commit the assault and was a victim of misidentification. Petitioner testified that he had loaned his car to Joseph Beard at the time of the attack. The investigating officer testified that he "heard that Hereford stated that he had misidentified [petitioner] as the assailant." Petitioner was subsequently found guilty as charged, and was subsequently sentenced to an indefinite prison term of seven to 15 years.
 {¶ 3} On direct appeal to this court, petitioner challenged the weight of the evidence supporting his conviction, asserted that the prosecuting attorney committed misconduct by cross-examining him as to whether the victim was mistaken or lying, and asserted that the trial court erred by refusing to permit the introduction of evidence pertaining to alleged misidentification. This court rejected each of the assigned errors and affirmed the conviction and sentence. State v. Wells (Mar. 13, 1997), Cuyahoga App. No. 70534.
 {¶ 4} On September 17, 1997, petitioner filed a motion for a new trial. In *Page 4 
support of this motion, petitioner averred that:
 {¶ 5} "(1) Lynzell Hereford `informed [him] that [he] was not the person that had attacked his nephew, James Davis'; (2) appellant's attorney knew of Hereford's `exoneration' of him but refused to call Hereford as a witness at trial; (3) appellant's mother knew of an `eye witness' who could state appellant did not commit the crime; and (4) Sgt. Haber `misrepresented' at trial that appellant's co-defendant could not be located. [In addition,] appellant's girlfriend stated that appellant did not commit the crime because he was with her at the time it occurred and that appellant's attorney did not contact her to testify at appellant's trial."
 {¶ 6} See State v. Wells (Oct. 22, 1998), Cuyahoga App. No. 73481.
 {¶ 7} The trial court denied this motion and petitioner appealed to this court, asserting that the ruling was erroneous, that he was entitled to a hearing, and that the trial court erred in failing to issue findings of fact and conclusions of law. This court rejected the assigned errors and affirmed the ruling of the trial court. Id. With regard to procedure, this court noted that the motion for a new trial had been filed pursuant to Crim. R. 33, not R.C. 2953.21, the postconviction relief statute, and if the motion had been filed under the postconviction relief provision it "would have been subject to dismissal by the trial court based upon its untimeliness[.]" Id.
 {¶ 8} With regard to the substantive law pertaining to the claim, this court noted, inter alia:
 {¶ 9} "First, appellant could have produced this evidence at his trial since he (a) admits Hereford's `misidentification' testimony was known, (b) must have known *Page 5 
his girlfriend's whereabouts, and (c) did not explain why the other `eye witness' was not contacted prior to trial. Second, in view of Sgt. Haber's trial testimony that he was aware Hereford had stated he had `misidentified' appellant, both Hereford's testimony and appellant's girlfriend's testimony would have been merely cumulative. Finally, appellant himself, took the stand to testify he had been misidentified, thus permitting the jury to weigh his credibility. Therefore, the `newly discovered' evidence fails to disclose a strong probability that it would change the result if a new trial were granted to appellant.State v. Seokaran and Pooran, (Apr. 8, 1993), Cuyahoga App. Nos. 62298, 62299, 63353 and 63354, unreported." Id.
 {¶ 10} On December 20, 2002, petitioner moved for shock probation. The trial court granted the motion and the state appealed. This court reversed and reimposed the original prison term, finding that petitioner had previously filed a motion for shock probation, and the trial court was therefore barred from considering a subsequent motion for the same relief. See State v. Wells, Cuyahoga App. No. 82334, 2003-Ohio-4071.
 {¶ 11} On May 22, 2006, petitioner filed a motion to vacate and set aside his conviction pursuant to R.C. 2953.21. In support of the motion, petitioner asserted that he had been misidentified, that Lynzell Hereford acknowledged the misidentification, and that Joseph Beard submitted a sworn statement indicating that he had been using petitioner's car at the time of the attack and that he, and not petitioner, was the assailant in this matter.
 {¶ 12} The state moved for summary judgment and argued that the petition *Page 6 
was untimely and that all of the claims raised were barred by res judicata. The trial court determined that there were no genuine issues of material fact and that petitioner was not entitled to relief. Petitioner now appeals and assigns three errors for our review.
 {¶ 13} Within his three assigned errors, petitioner asserts that his convictions are contrary to the manifest weight of the evidence, that the prosecuting attorney committed misconduct by intimidating Hereford into testifying, and that the trial court erred in refusing to admit evidence as to misidentification.
 {¶ 14} R.C. 2953.21(A)(2) provides that:
 {¶ 15} "A petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court. If no appeal is taken, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal."
 {¶ 16} The trial court has no jurisdiction to consider an untimely petition for postconviction relief unless certain exceptions apply. SeeState v. Schultz, Cuyahoga App. No. 85430, 2005-Ohio-6627; R.C. 2953.23(A). As is relevant to this matter, a trial court is to entertain an untimely petition if: (1) the petitioner was unavoidably prevented from discovering the facts on which the petition is predicated, or (2) the United States Supreme Court has recognized a new federal or state right that applies retroactively to the petitioner and the petition asserts a claim based on *Page 7 
that new right. R.C. 2953.23(A)(1)(a).
 {¶ 17} Further, it is well established that a claim for postconviction relief that was or could have been raised on direct appeal is barred from consideration by the doctrine of res judicata. State v. Perry
(1967), 10 Ohio St.2d 175, 226 N.E.2d 104.
 {¶ 18} In this matter, the petition for postconviction relief was not timely filed as it was filed well past 180 days after the transcript was filed in the court of appeals in the direct appeal, as the direct appeal was heard in 1997, and the petition for postconviction relief was filed nine years later. Indeed, as this court noted in 1998, in the appeal from the denial of the motion for a new trial, if the motion had been filed under the postconviction relief provision it "would have been subject to dismissal by the trial court based upon its untimeliness[.]" See State v. Wells (Oct. 22, 1998), Cuyahoga App. No. 73481. Moreover, we find no excuse for the untimely filing as each of the asserted grounds for relief has been raised in previous actions, including the direct appeal. Finally, because each of the asserted grounds for relief has been previously raised and rejected, the claims are additionally barred by res judicata.
 {¶ 19} The assignments of error are overruled.
Affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for execution of sentence. *Page 8 
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 CHRISTINE T. MCMONAGLE, P.J., and MARY J. BOYLE, J., CONCUR. *Page 1