[Cite as *State v. Meincke*, 2011-Ohio-6473.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 96407**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## JENNIFER MEINCKE

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-489970

**BEFORE:** Blackmon, J., Kilbane, A.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** December 15, 2011

**APPELLANT**

Jennifer L. Meincke, Pro Se
Inmate #75548
Northeast Pre-Release Center
2675 East 30th Street
Cleveland, Ohio 44115

**ATTORNEY ALSO LISTED**

Paul Mancino, Jr.
75 Public Square
Suite 1016
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

By: Mary McGrath
Asst. County Prosecutor
8th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio 44113


PATRICIA ANN BLACKMON, J.:

{¶ 1} Appellant Jennifer Meincke ("Meincke") appeals pro se from the trial court's denial of her petition for postconviction relief and assigns eight errors for our review. Having reviewed the record and pertinent law, we affirm the trial court's decision.

{¶ 2} Prior to addressing Meincke's appeal, we stress our strong disapproval of the placement of attorney Mancino's name on the face page of the appellant's brief when

the brief clearly indicates, by Meincke's signature, that she in fact wrote the brief. The record indicates that Mancino filed the notice of appeal, requested a motion for an extension of time to write the brief, and filed a motion to waive oral argument. However, because he did not sign the brief, it is misleading to put his name on the cover page.

## Facts

{¶ 3} On December 19, 2006, the Cuyahoga County Grand Jury indicted Meincke for one count of robbery and five counts of extortion. The counts arose out of Meincke blackmailing an elderly, mentally disabled woman in order to obtain money to purchase heroin. Meincke entered a plea of no contest and upon the proffered evidence, the trial court found Meincke guilty of all counts.

{¶ 4} On July 10, 2007, the trial court sentenced Meincke to a one-year prison term for the extortion convictions. Upon completion of her one-year term she was to serve a community control sanction of five years for the robbery conviction. The victim initially opposed Meincke receiving community control for the robbery because she believed Meincke's past behavior indicated she would not commit to paying restitution; however, she relented in hopes of receiving payment. The trial court ordered Meincke to pay restitution in the amount of $28,000 in the amount of $300/month for five years. On the limited record before us,[1] the evidence indicates that Meincke had forced the

---

[1] Meinke has failed to present this court with a complete transcript of her plea, sentencing hearing, or community control revocation hearing.

woman to "max out" her credit cards by having the victim write her a total of $13,000 in checks using checks issued from the victim's credit card company. The victim also provided a list of items Meincke took, which is not part of the record on appeal. However, it included "heirlooms [and] personal items that were of significant value" such as the victim's car, van, DVD player, and a stove. Tr. 5, 7-8, Sentencing Transcript, July 10, 2007.

{¶ 5} The journal entry indicated that if Meincke violated her community control, she could receive six years in prison. Meincke failed to pay restitution in the amount ordered by the trial court. Therefore, on June 15, 2009, the trial court conducted a community control revocation hearing. The court concluded that Meincke had violated the terms of her community control and sentenced her to three years in prison on the extortion counts, for which Meincke already served her one year prison term. On July 10, 2009, the trial entered a nunc pro tunc entry to indicate the three year term applied to the robbery conviction, not the extortion counts.

{¶ 6} Over fifteen months later, on December 29, 2010, Meincke filed a motion to "vacate order of restitution and sentences as void and for immediate release, pro se." The trial court denied the motion.

## Untimely Petition for Postrelease Control

{¶ 7} We address Meincke's third, fourth, fifth, sixth, and eighth assigned errors together because they are all barred by the fact they were raised in an untimely filed petition for postconviction relief.

{¶ 8}  "[A] vaguely titled motion to correct or vacate a sentence may be construed as a petition for post-conviction relief where the motion was filed subsequent to a direct appeal, claimed a denial of constitutional rights, sought to render the judgment void, and asked for a vacation of the judgment and sentence." *State v. Caldwell*, 3d Dist. No. 11-05-07, 2005-Ohio-5375, citing *State v. Reynolds*, 79 Ohio St.3d 158, 160-161, 1997-Ohio-304, 679 N.E.2d 1131. Meincke failed to file a direct appeal from either her original conviction or revocation of her community control sanction; however, because the time for her to file a notice of appeal has expired, the standard applies equally to Meincke. *State v. Wright*, 6th Dist. No. WD-04-070, 2005-Ohio-4171, at ¶28; *State v. Ferguson* (July 15, 1998), 9th Dist. No. 97CA006976.  Accordingly, we shall construe Meincke's motion as a petition for postconviction relief.  See, also, *State v. Mayes*, Cuyahoga App. No. 88426, 2007-Ohio-2374.

{¶ 9}  Under R.C. 2953.21(A)(2), when no direct appeal is taken, a petitioner must file his petition for postconviction relief no later than 180 days after the expiration of the time for filing the direct appeal of the judgment of conviction.

{¶ 10} In the instant case, Meincke was convicted in July 2007.  Meincke did not file her petition until December 30, 2010, which is several years beyond the statutory time limit to file an appeal as to her original conviction.  The petition was also untimely by almost a year as to Meincke's revocation of her community control sanction.

{¶ 11} Generally, the trial court has no jurisdiction to consider an untimely petition for postconviction relief.  *State v. Schultz*, Cuyahoga App. No. 85430, 2005-Ohio-6627.

The trial court may, however, entertain untimely petitions for postconviction relief if the defendant demonstrates either (1) he was unavoidably prevented from discovering facts necessary for the claim for relief, or (2) the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in defendant's situation. R.C. 2953.23(A)(1)(a). Neither of these exceptions apply to the instant case. Therefore, the trial court did not err by denying Meincke's petition.

{¶ 12} We note that Meincke contends that she was not advised of her appellate rights pursuant to Crim.R. 32 at her original sentencing hearing or revocation hearing. Unfortunately, she failed to present us with the complete transcript from either hearing. She merely attached excerpts from the hearings to her petition. "When faced with an inadequate or incomplete record, we must presume the regularity of the trial court's actions and accept its judgment." See *Knapp v. Edwards Laboratories* (1980), 61 Ohio St. 2d 197, 199, 400 N.E.2d 384. Therefore, we must presume that the trial court properly advised Meincke. Additionally, Meincke does not argue that she failed to file a direct appeal because she lacked knowledge of her right to do so. Accordingly, Meincke's third, fourth, fifth, sixth, and eighth assigned errors are overruled.

### Sentence for Violation of Community Control is Void

{¶ 13} We will address Meincke's assigned errors one, two, and seven together as they concern her allegation that her sentence for violating the terms of her community control is void because the trial court sentenced her to prison on the extortion counts for which she had already completed her sentence. This argument was also contained within

Meincke's untimely filed petition for postconviction relief. However, the Ohio Supreme Court in *State v. Boswell*, 121 Ohio St.3d 575, 2009-Ohio-1577, 906 N.E.2d 422, held that a reviewing court has an obligation to recognize void sentences, vacate them, and order resentencing. Thus, "presumably, this means that a trial court, confronted with an untimely or successive petition for postconviction relief that challenges a void sentence, must ignore the procedural irregularities of the petition [and vacate the sentence if necessary]." *State v. Holcomb*, 184 Ohio App.3d 577, 2009-Ohio-3187, 921 N.E.2d 1077, ¶19. See, also, *State v. Pesci*, Cuyahoga App. No. 94904, 2011-Ohio-1058.

{¶ 14} Crim.R. 36 provides that "[c]lerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission, may be corrected by the court at any time." "Although courts possess inherent authority to correct clerical errors in judgment entries so that the record speaks the truth, 'nunc pro tunc entries' are limited in proper use to reflecting what the court actually decided, not what the court might or should have done." *State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, at ¶19.

{¶ 15} Meincke attached an excerpt of the sentencing transcript to her motion to vacate, which indicates at the hearing, the trial court imposed the sentence for Counts 2, 3, 4, 5, and 6, which represented the extortion counts. Meincke argues because the wrong sentence was also imposed at the sentencing hearing, that the court could not use a nunc pro tunc to correct the sentence. However, the record also shows that the original sentence for community control was entered for the robbery convictions and that Meincke

had already completed her sentence for the extortion counts. Therefore, the record leaves no doubt that the trial court intended to impose the sentence as to the robbery count, as that was the only possible sentence it could impose. Under these circumstances, where the court had no discretion as to which count the sentence applied, we conclude the nunc pro tunc was a valid vehicle to correct the sentence. Accordingly, Meincke's first, second, and seventh assigned errors are overruled.

Judgment affirmed.

It is ordered that appellee recover from appellant its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

PATRICIA ANN BLACKMON, JUDGE

MARY EILEEN KILBANE, A.J., CONCURS;
SEAN C. GALLAGHER, J., CONCURS IN
JUDGMENT ONLY

**APPENDIX**

**Assignments of Error**

**"I. The trial court erred and abused its discretion when it denied the defendant-appellant's motion to vacate the community control violation sentence as void due to the trial court entering a subsequent 'amended' journal entry of sentence, after it sentenced the defendant-appellant for the same five extortion counts that she served time in full."**

"**II.** The trial court erred and abused its discretion when it denied the defendant-appellant's motion to vacate the sentences as void and for immediate release when it sentenced the defendant-appellant to both a prison term and community control sanction, contrary to law and in violation of the defendant-appellant's constitutional and statutory rights."

"**III.** The trial court erred and abused its discretion when it denied the defendant-appellant's motion to vacate the restitution order as void when there was no required hearing or proof of the actual economic loss to the victim or the defendant-appellant's ability to pay restitution, and therefore, the order of the restitution was contrary to law."

"**IV.** The trial court erred and abused its discretion when it denied the defendant-appellant's motion to vacate the community control violation sentence as void and for immediate release when there was insufficient evidence of a violation and a void order of restitution was the basis of the violation."

"**V.** The trial court erred and abused its discretion when it denied the defendant-appellant's motion to vacate the initial sentence and the community control violation sentence as void and for immediate release, because no notice of the appeal rights was given at either sentence, as required."

"**VI.** The trial court erred and abused its discretion by denying the defendant-appellant's motion to vacate the community control violation sentence as void when there was improper notice of a 'specific prison term' at the initial sentencing."

"**VII.** The trial court erred and abused its discretion when it failed to vacate the sentence and order of restitution as void due to them being contrary to law."

"**VIII.** The trial court erred and abused its discretion when it denied the defendant-appellant's motion to withdraw plea of 'no contest,' pre-sentence, which violated the defendant-appellant's constitutional and statutory rights, when the extortion counts should be merged into one count of extortion and the robbery count should have been dismissed for insufficient evidence."