[Cite as *State v. Johnson*, 2017-Ohio-884.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| | : | **CASE NO. 2016-L-064** |
| - vs - | : | |
| SAMUEL JOHNSON, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Lake County Court of Common Pleas, Case No. 06 CR 000035.

Judgment: Affirmed.


*Charles E. Coulson,* Lake County Prosecutor, and *Teri R. Daniel,* Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077. (For Plaintiff-Appellee).

*Samuel Johnson,* pro se, PID: A520-225, Lake Erie Correctional Institution, P.O. Box 8000, 501 Thompson Road, Conneaut, OH 44030 (Defendant-Appellant).


CYNTHIA WESTCOTT RICE, P.J.

{¶1} Appellant, Samuel Johnson, pro se, appeals the judgment of the Lake County Court of Common Pleas denying his motion to vacate his sentence following his conviction by a jury of aggravated burglary and two counts of felonious assault. At issue is whether appellant's motion is barred by res judicata. For the reasons that follow, we affirm.

{¶2}   On December 24, 2005, while appellant was at a Christmas party at the apartment of the victim, his former girlfriend, he started arguing with her and became violent.  Following a physical altercation, the victim left her apartment and told appellant she was going to call the police.  After appellant left the apartment, the victim returned.  She heard a loud knocking at her door and appellant demanded she open it.  When she refused, he kicked the door open.  He pushed her and she fell on her back.  He jumped on her and stabbed her numerous times with a butcher knife. Police were called and, upon their arrival, they arrested appellant who was still on scene.

{¶3}   The jury found appellant guilty of aggravated burglary and two counts of felonious assault.  He was sentenced to five years in prison for aggravated burglary and seven years on each count of felonious assault.   The two seven-year terms were ordered to be served concurrently to each other, but consecutively to the five-year term, for a total of 12 years.

{¶4}   Appellant appealed his conviction and sentence, challenging the sufficiency and weight of the evidence, the court's jury instructions, and his sentence. In *State v. Johnson*, 11th Dist. Lake No. 2006-L-259, 2007-Ohio-5783, this court affirmed his conviction.   The Ohio Supreme Court denied appellant's discretionary appeal at 117 Ohio St.3d 1441.

{¶5}   Nine years later, on May 23, 2016, appellant filed the instant motion to vacate his sentence, arguing his speedy trial rights and his right to effective assistance of counsel were violated.   The trial court denied the motion as being barred by res judicata.  Appellant appeals and asserts the following for his sole assignment of error:

{¶6} "Mr. Johnson's United States constitutional right to due process and effective assistance of counsel was [sic] violated when Mr. Johnson's right to a speedy trial was violated when the State of Ohio failed to accord Mr. Johnson a preliminary hearing within the mandated time frames of R.C. 2945.71 and Ohio Criminal Rule 5 leaving the Common Pleas Division jurisdictionless [sic] while Mr. Johnson [sic] municipal assigned counsel was ineffective for failing to move for dismissal pursuant to R.C. 2945.71."

{¶7} Appellant argues that because he was arrested on December 24, 2005 and his preliminary hearing was not held until January 12, 2006, which was nine days beyond the required ten-day limit in R.C. 2945.71 for the court to hold a preliminary hearing, his speedy trial rights were violated. He also argues he was denied effective assistance of counsel because his attorney did not file a motion to dismiss on speedy trial grounds.

{¶8} The Sixth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution guarantee a criminal defendant the right to a speedy trial. This guarantee is implemented in R.C. 2945.71, which provides the specific time limits within which a person must be brought to trial. *State v. Blackburn*, 118 Ohio St.3d 163, 2008-Ohio-1823, ¶10.

{¶9} If a defendant demonstrates that his speedy trial right has been violated, he may seek dismissal of the criminal charges. R.C. 2945.73. This statute provides: "Upon motion made at or prior to the commencement of trial, a person charged with an offense shall be discharged if he is not brought to trial within the time required by sections 2945.71 and 2945.72 of the Revised Code." Thus, the right to a speedy trial is

3

not self-executing, but must be timely asserted to avoid such right being waived. *State v. Trummer*, 114 Ohio App.3d 456, 470-471 (7th Dist.1996).

**{¶10}** Appellant argues the violation of his speedy trial rights deprived the court of subject-matter jurisdiction, resulting in his conviction being void. However, the Seventh District previously rejected the same argument. The court held that "speedy trial issues do not eliminate a criminal court's subject matter jurisdiction and do not result in void proceedings." *State v. Helms*, 7th Dist. Mahoning No. 14 MA 96, 2015-Ohio-1708, ¶16.

**{¶11}** The state argues that appellant's arguments are barred by res judicata as he failed to raise either his speedy-trial or ineffective-assistance argument in his direct appeal. This court, in *State v. Dudas*, 11th Dist. Lake No. 2007-L-169, 2008-Ohio-3261, ¶17, stated:

> **{¶12}** In the context of criminal cases, "a convicted defendant is precluded under the doctrine of res judicata from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on appeal from that judgment." *State v. Szefcyk*, 77 Ohio St.3d 93, 96 (1996).

**{¶13}** In *State v. Palmer*, 7th Dist. Jefferson No. 11 JE 17, 2012-Ohio-5255, the Seventh District held that res judicata bars the further litigation of any claim, *including a claim alleging a speedy trial error*, that was ruled on in a direct appeal, or could have been raised on direct appeal and was not. *Id.* at ¶6.

**{¶14}** In addition, res judicata precludes a defendant from raising an ineffective-assistance-of-counsel claim that was or could have been raised at trial or on direct appeal. *State v. Vinson,* 11th Dist. Lake No. 2007-L-088, 2008-Ohio-3059, ¶32.

4

{¶15} We therefore hold the trial court did not err in denying appellant's motion to vacate his sentence.

{¶16} For the reasons stated in this opinion, the assignment of error is overruled. It is the order and judgment of this court that the judgment of the Lake County Court of Common Pleas is affirmed.


DIANE V. GRENDELL, J.,

COLLEEN MARY O'TOOLE, J.,

concur.