[Cite as *State v. Andrews*, 2020-Ohio-3176.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | No. 108285 |
| v. | : | |
| JOSEPH ANDREWS, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** June 4, 2020

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-95-327215-B

***Appearances:***

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Daniel T. Van, Assistant Prosecuting Attorney, *for appellee.*

Mark A. Stanton, Cuyahoga County Public Defender, and John T. Martin, Assistant Public Defender, *for appellant.*

MARY J. BOYLE, J.:

{¶ 1} Defendant-appellant, Joseph Andrews, appeals the trial court's denial of his motion to vacate his convictions for complicity to corruption of a minor, or in the alternative, to vacate and correct his sentences, and his motion to remove

him from the state's sex offender registration database. He raises four assignments of error for our review:

1. The convictions for corruption of a minor are void.

2. The corruption offenses for which Joseph Andrews was convicted were misdemeanors.

3. Mr. Andrews received the ineffective assistance of trial counsel.

4. Joseph Andrews should not be a sexual registrant.

{¶ 2} Finding no merit to his appeal, we affirm.

## I. Procedural History and Factual Background

{¶ 3} On August 24, 1995, the Cuyahoga County Grand Jury indicted Andrews on 31 counts of complicity to corruption of a minor in violation of R.C. 2923.03 and 2907.04, 31 counts of compelling prostitution in violation of R.C. 2907.21, 31 counts of endangering children in violation of R.C. 2919.22, and two counts of extortion in violation of R.C. 2905.11.

{¶ 4} On March 20, 1996, Andrews pleaded guilty to 18 counts of complicity to corruption of a minor in violation of R.C. 2907.04, third-degree felonies, and two counts of extortion, also third-degree felonies. The remaining charges were nolled. The trial court sentenced Andrews to one year in prison for each of the complicity to corruption of a minor convictions to run concurrent to four to ten years in prison for his extortion convictions.

{¶ 5} Less than three months later, Andrews moved to withdraw his guilty plea. And approximately five months after Andrews entered into his plea, he moved to vacate or set aside his sentence. It was in this second motion where Andrews first

raised the issue that he is now raising, i.e., that he could not be convicted of complicity to corruption of a minor because he was under 18 years of age at the time of the offenses. The trial court denied both motions. Andrews did not appeal the trial court's denial of these motions.

{¶ 6} Andrews was released from prison in 2000 and placed on parole. He was found to be in violation of his parole in 2003 for being convicted in Cuyahoga C.P. No. CR-03-433671 of aggravated robbery with a three-year firearm specification, aggravated burglary with a three-year firearm specification, and having weapons while under a disability. Thus, the trial court revoked his parole. He was sentenced to 11 years in prison on July 10, 2003, in CR-03-433671.

{¶ 7} In May 2004, Andrews filed a motion for a delayed appeal. This court denied his motion and sua sponte dismissed his appeal. *See State v. Andrews*, 8th Dist. Cuyahoga No. 84657 (June 10, 2014). Andrews appealed our decision to the Ohio Supreme Court, which declined to accept his appeal. This court dismissed another appeal that Andrews filed a few days after the first, finding that it was duplicative. *See State v. Andrews*, 8th Dist. Cuyahoga No. 84670 (June 9, 2014).

{¶ 8} In October 2004, Andrews again moved for leave to appeal, which we denied. *See State v. Andrews*, 8th Dist. Cuyahoga No. 85458 (Dec. 13, 2004).

{¶ 9} In February 2018, Andrews moved to vacate his convictions for complicity to corruption of a minor or, in the alternative, to vacate and correct his sentence and to remove himself from the state's sex offender registry. The state opposed his motion.

{¶ 10} In February 2019, the trial court denied Andrews's motions.  In its judgment entry, the trial court found that Andrews's plea "as well as his failed post-trial motions bar re-litigation of the issues raised" in his motion due to res judicata.  The trial court also denied Andrews's motion to remove him from the sex offender registration database because Andrews pleaded guilty to offenses that automatically classified him as a sexually oriented offender.  It is from this judgment that Andrews now appeals.

## II.  Untimely and Successive Petition for Postconviction Relief

{¶ 11}  Andrews is appealing the trial court's judgment denying his motion to vacate his convictions for complicity to corruption of a minor or, in the alternative, to vacate and correct his sentence and to remove him from the state's sex offender registry.  A motion will be construed as a petition for postconviction relief under R.C. 2953.21(A)(1) where the motion (1) was filed subsequent to a direct appeal, (2) claimed a denial of constitutional rights, (3) sought to render the judgment void, and (4) asked for a vacation of the judgment and sentence.  *State v. Reynolds*, 79 Ohio St.3d 158, 160-161, 679 N.E.2d 1131 (1997). Andrews's motion meets these four criteria.  Accordingly, we shall construe his motion as a petition for postconviction relief.  *See also State v. Meincke*, 8th Dist. Cuyahoga No. 96407, 2011-Ohio-6473, ¶ 8.

{¶ 12} R.C. 2953.21 through 2953.23 set forth the means by which a convicted defendant may seek to have the trial court's judgment or sentence vacated or set aside pursuant to a petition for postconviction relief.  A defendant's petition

for postconviction relief is a collateral civil attack on his or her criminal conviction. *See State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 48. The statute affords relief from judgment where the petitioner's rights in the proceedings that resulted in his conviction were denied to such an extent the conviction is rendered void or voidable under the Ohio or United States Constitutions. R.C. 2953.21(A); *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph four of the syllabus. A postconviction petition, however, does not provide a petitioner a second opportunity to litigate the conviction. *State v. Hessler*, 10th Dist. Franklin No. 01 AP-1011, 2002-Ohio-3321, ¶ 32.

{¶ 13} R.C. 2953.21(A)(2) provides that a petition for postconviction relief must be filed within 365 days from the filing of the trial transcripts in the petitioner's direct appeal or, if a direct appeal was not pursued, 365 days after the expiration of the time in which a direct appeal could have been filed. Here, Andrews did not file his petition until well beyond the 365 days. Indeed, he filed it almost 22 years later. Thus, his petition is untimely.

{¶ 14} R.C. 2953.23(A)(1)(a) permits a trial court to entertain an untimely petition only if:

> (1) the petitioner was unavoidably prevented from discovering the facts on which the petition is predicated, or (2) the United States Supreme Court has recognized a new federal or state right that applies retroactively to the petitioner and the petition asserts a claim based on that new right.

{¶ 15} If the petitioner can satisfy one of these threshold conditions, he or she must then demonstrate that, but for the constitutional error at trial, no

reasonable factfinder would have found him or her guilty of the offenses of which he was convicted. R.C. 2953.23(A)(1)(b).

{¶ 16} Thus, unless it appears from the record that Andrews was unavoidably prevented from discovering the facts upon which he relied in his petition, or the United States Supreme Court has recognized a new federal or state right that applies retroactively to Andrews and, if one of those applies, that but for constitutional error at trial, no reasonable factfinder would have found Andrews guilty, we are bound to conclude the trial court was without jurisdiction to consider his petition for postconviction relief.

{¶ 17} In his first, second, and third assignments of error, Andrews maintains that (1) his convictions of complicity to corruption of a minor are void, (2) his convictions of complicity to corruption of a minor should be misdemeanors rather than felonies, and (3) his trial counsel was ineffective for advising him to plead guilty to felonies instead of misdemeanors. In doing so, however, Andrews does not even allege, let alone establish, any of the threshold requirements necessary to bring an untimely petition for postconviction relief. Specifically, Andrews does not claim that he was unavoidably prevented from discovering facts upon which he relied in his petition or that the United States Supreme Court has recognized a new federal or state right that applies retroactively to him.

{¶ 18} Even if Andrews had met one of the threshold conditions, he would not have met the second requirement "that but for the constitutional error at trial, no reasonable factfinder would have found [him] guilty" because Andrews did not

go to trial; he pleaded guilty. *See State v. Rackley*, 8th Dist. Cuyahoga No. 102962, 2015-Ohio-4504, ¶ 17 ("Rackley pleaded guilty, and thus, R.C. 2953.23(A) does not apply."); *State v. Moore*, 8th Dist. Cuyahoga No. 82734, 2003-Ohio-4819, ¶ 16 ("Appellant pled guilty to drug possession and no trial occurred; therefore, [R.C. 2953.23(A)] does not apply."); *State v. Halliwell*, 134 Ohio App.3d 730, 735, 732 N.E.2d 405 (8th Dist.1999) (defendant could not satisfy the requirement that "but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted" where he was convicted "pursuant to his plea of guilty, not by reason of trial").

**{¶ 19}** To the extent that Andrews argues his convictions for complicity to corruption of a minor are void, we disagree. Andrews does not cite to any law in support of this argument, nor can we find any law to support it. We further decline to create new law to find that his convictions are void.

**{¶ 20}** Accordingly, Andrews's first three assignments of error are overruled.

**III. Sex-Offender Classification and Registration**

**{¶ 21}** In his fourth assignment of error, Andrews argues that he should not have to register as a sexually oriented offender.

**{¶ 22}** First, Andrews claims that without his convictions for complicity to corruption of a minor, he would not have to register. He asserts that if we agree with any of his first three assignments of error, we should vacate his classification as a sexually oriented offender. We did not, however, agree with any of his first three assignments of error.

{¶ 23} Next, Andrews argues that he should benefit from the enactment of the Adam Walsh Act ("AWA"), which became effective on January 1, 2008. However, Andrews was classified as a sexually oriented offender under Megan's Law. The Ohio Supreme Court held that the provisions of the AWA were punitive and could not be applied retroactively. *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108, ¶ 22. The Supreme Court explained that although the AWA did not apply retroactively, the registration and notification provisions of Megan's Law continued to apply to offenders subject to that law. *State v. Brunning*, 134 Ohio St.3d 438, 2012-Ohio-5752, 983 N.E.2d 316, ¶ 22.

{¶ 24} As a sexually oriented offender under Megan's Law, Andrews has a duty to register annually for ten years — not counting the time he was in prison. Former 2950.06(B)(2) and 2950.07(B)(3). The record indicates that Andrews got out of prison in 2000 and was placed on parole. He was found to be in violation of his parole in 2003, and the trial court revoked his parole. Andrews was in violation of his parole due to an aggravated robbery conviction with a three-year firearm specification, aggravated burglary conviction with a three-year firearm specification, and a conviction for having weapons while under a disability. *See State v. Andrews*, 8th Dist. Cuyahoga No. 84137, 2005-Ohio-1161 (Andrews appealed his convictions in CR-03-433671). For these crimes, Andrews received an 11-year prison sentence on July 10, 2003. At that time, he received 194 days of jail-time credit and thus, he would have been released from prison sometime in late 2013 or early 2014. If Andrews is still required to register as a sexually oriented offender,

it is because he has not yet registered for a full ten years due to the time he spent in prison.

**{¶ 25}** Andrews fourth assignment of error is overruled.

**{¶ 26}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, JUDGE

EILEEN T. GALLAGHER, A.J., and
SEAN C. GALLAGHER, J., CONCUR