[Cite as *State v. Hodges*, 2024-Ohio-5097.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO, :

    Plaintiff-Appellee, :

                              No. 113568

    v. :

JAVONTE L. HODGES, :

    Defendant-Appellant. :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** October 24, 2024

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-12-562692-C

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Frank Romeo Zeleznikar, Assistant Prosecuting Attorney, *for appellee.*

Javonte L. Hodges, *pro se.*

LISA B. FORBES, P.J.:

{¶ 1} Javonte L. Hodges ("Hodges"), acting pro se, appeals from the trial court's judgment denying his motion to vacate a void judgment. After reviewing the facts of the case and pertinent law, we affirm the lower court's judgment.

## I. Facts and Procedural History

{¶ 2} On December 3, 2012, Hodges pled guilty to murder and other associated charges concerning the fatal shooting of Christopher Johnson during a "drug deal gone bad." *State v. Hodges*, 2013-Ohio-5025, ¶ 5 (8th Dist.) ("*Hodges I*"). On January 10, 2013, the court sentenced Hodges to 15 years to life in prison for the murder, three years in prison for the accompanying firearm specification, and 24 months in prison for having a weapon while under disability. The court ran these sentences consecutively for an aggregate term of 20 years to life in prison.

{¶ 3} Hodges appealed his sentence, and this court reversed and remanded for resentencing, finding that the trial court failed to make the required findings under R.C. 2929.14(C)(4) when imposing consecutive sentences. *Hodges I*. On February 19, 2014, the trial court resentenced Hodges to the same 20-years-to-life prison sentence. Hodges again appealed his prison sentence. In October 2014, this court affirmed the sentence but remanded the case to the trial court to issue a nunc pro tunc journal entry to incorporate the consecutive-sentencing findings it made at the resentencing hearing pursuant to R.C. 2929.14(C)(4). *State v. Hodges*, 2014-Ohio-4690 (8th Dist.) ("*Hodges II*"). The trial court issued this nunc pro tunc entry on December 22, 2014.

{¶ 4} In March 2016, Hodges filed a pro se motion to withdraw his guilty plea, and in June 2016, he filed a pro se supplemental motion to withdraw his guilty plea. In these motions, Hodges alleged, among other things, that he "was under the heavy influence of mind-altering drugs" at the time of his plea, and his trial counsel

was ineffective and not "conflict-free." The trial court denied both of Hodges's pro se motions.

{¶ 5} Hodges appealed, and in December 2017, this court affirmed, finding that Hodges claims were barred by the doctrine of res judicata; notwithstanding res judicata, "Hodges failed to establish manifest injustice warranting the withdrawal of his guilty pleas"; and "the transcript from the plea hearing belies Hodges' claims that he was misled into pleading guilty . . . ." *State v. Hodges*, 2017-Ohio-9025, ¶ 16-17 (8th Dist.) ("*Hodges III*").

{¶ 6} In April 2019, Hodges filed another pro se motion to withdraw his guilty plea, alleging that his guilty plea was invalid because his prison sentence is contrary to law. The trial court denied this motion, and Hodges appealed. In April 2020, this court affirmed the trial court's denial of Hodges's 2019 motion to withdraw his guilty plea, finding that he "is barred by res judicata from raising this issue." *State v. Hodges*, 2020-Ohio-1288, ¶ 13 (8th Dist.) ("*Hodges IV*").

{¶ 7} On September 15, 2023, Hodges filed a pro se motion to vacate a void judgment, alleging that he "received ineffective assistance of counsel based on his trial counsel's failure to file a motion to dismiss on speedy trial grounds pursuant to R.C. 2945.73" and the United States and Ohio Constitutions. The trial court denied this motion on October 6, 2023. It is from this order that Hodges appeals raising two assignments of error for our review.

> I. Appellant was denied effective assistance of counsel for counsel's failure to file a motion to dismiss on speedy trial grounds in violation of Sixth and Fourteenth Amendment.

II.    Trial court lacked jurisdiction to accept appellant's guilty plea or issue a [judgment] of conviction after the expiration of right to a speedy trial in violation of Sixth and Fourteenth Amendment.

## II.  Law and Analysis

### A. Hodges's Motion to Vacate Void Judgment is a Petition for Postconviction Relief

{¶ 8} Regardless of a motion's caption, courts will construe it as a R.C. 2953.21 petition for postconviction relief when the motion "(1) was filed subsequent to a direct appeal, (2) claimed a denial of constitutional rights, (3) sought to render the judgment void, and (4) asked for a vacation of the judgment and sentence." *State v. Andrews*, 2020-Ohio-3176, ¶ 11 (8th Dist.).  *See also State v. Meincke*, 2011-Ohio-6473, ¶ 8 (8th Dist.).   "A defendant's petition for postconviction relief is a collateral civil attack on his or her criminal conviction." *Id.* at ¶ 12.  A postconviction-relief petition "does not provide a petitioner a second opportunity to litigate the conviction." *Id.*

{¶ 9} Hodges's motion satisfies the four-part test set forth in *Andrews*. First, Hodge's petition for postconviction relief was filed on September 15, 2023, and his direct appeal was in 2013.  Second, Hodge's petition claims a denial of the constitutional right to a speedy trial.  Third, Hodge's petition seeks to render his convictions void.  Fourth, Hodges requests in his petition that his convictions and sentence be vacated.  Accordingly, on appeal, we construe his motion as a postconviction-relief petition.

### B. Standard of Review

{¶ 10} Generally, we review a trial court's ruling on a petition for postconviction relief for an abuse of discretion. *State v. Gondor*, 2006-Ohio-6679, ¶ 58. However, whether the trial court had jurisdiction to consider a postconviction-relief petition that was untimely filed "is a question of law, which we review de novo." *State v. Marbuery-Davis*, 2024-Ohio-586, ¶ 13 (8th Dist.).

### C. Timeliness of Petition

{¶ 11} Pursuant to R.C. 2953.21(A)(2), a postconviction-relief petition "shall be filed no later than [365] days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction . . . ." In *Hodges I*, which is the direct appeal of the underlying criminal case at issue, the transcript was filed in this court on April 1, 2013. Hodges filed his postconviction-relief petition in this case on September 15, 2023, well beyond 365 days after April 1, 2013. Therefore, it is untimely under R.C. 2953.21(A)(2).

### D. Jurisdiction to Consider Untimely Petitions

{¶ 12} Trial courts have jurisdiction to consider untimely postconviction-relief petitions only under the circumstances set forth in R.C. 2953.23(A)(1)(a) and (b). First, the petitioner must establish one of the following: "(1) the petitioner was unavoidably prevented from discovering the facts on which the petition is predicated, or (2) the United States Supreme Court has recognized a new federal or state right that applies retroactively to the petitioner and the petition asserts a claim based on that new right." *Andrews*, 2020-Ohio-3176, at ¶ 14 (8th Dist.);

R.C. 2953.23(A)(1)(a). If the petitioner establishes one of these conditions, under R.C. 2953.23(A)(1)(b), he or she must also show "by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted . . . ."

{¶ 13} On appeal, Hodges does not allege, let alone establish, that he was unavoidably prevented from discovering anything or that a new legal right applies retroactively to his case. Hodges's arguments in this, his fifth, appeal center around his speedy-trial rights and the effectiveness of his trial counsel for not raising a speedy-trial claim. Indeed, whether his speedy-trial rights were violated and whether his counsel was effective regarding this right were issues known to Hodges on the day he entered his guilty plea. This is not a case in which new evidence was discovered or new law issued by the United States Supreme Court. Therefore, Hodges has failed to establish one of the prerequisites set forth in R.C. 2953.23(A)(1)(a). Furthermore, because Hodges pled guilty, he could not have met the mandate in R.C. 2953.23(A)(1)(b), "namely, that no reasonable factfinder would have found him guilty but for constitutional error at trial." *State v. Rackley*, 2015-Ohio-4504, ¶ 17. "Rackley pleaded guilty, and thus, R.C. 2953.23(A)(1)(b) does not apply."

{¶ 14} Upon review, we find that, as a matter of law, the trial court did not have jurisdiction to consider Hodges's postconviction-relief petition because it was untimely and Hodges failed to meet the criteria set forth in R.C. 2953.23(A)(1) concerning when a trial court may entertain untimely petitions.

### E. Res Judicata

{¶ 15} Even if Hodges had crossed the R.C. 2953.23(A)(1) threshold, we find that the arguments raised in his petition are barred by the doctrine of res judicata. "A petition for postconviction relief is not the proper vehicle to raise issues that were or could have been determined on direct appeal." *State v. Hale*, 2016-Ohio-5837, ¶ 8 (8th Dist.). Speedy-trial rights and ineffective assistance of counsel could have been raised in *Hodges I*, which was Hodges's direct appeal. In fact, ineffective assistance of counsel was raised in *Hodges III*, and this court determined that res judicata barred that argument. This case is similar to *State v. Asadi-Ousley*, 2023-Ohio-4322, ¶ 19 (8th Dist.), in which this court found that the defendant's claims "regarding speedy trial [and] his counsel's alleged deficient conduct during trial were either raised in his prior petition for postconviction relief and prior appeals or could have been raised in those actions. Accordingly, those arguments are barred by res judicata."

{¶ 16} Based on the foregoing, Hodges's first assignment of error is overruled.

### F. Subject-Matter Jurisdiction

{¶ 17} In Hodges's second assignment of error, he argues that the trial court lacked jurisdiction to accept his guilty plea or issue a judgment of conviction because his speedy-trial time expired. We review this assignment of error separately because "res judicata does not apply where the prior action was void for lack of subject matter

jurisdiction." *Bakhtiar v. Saghafi*, 2018-Ohio-3796, ¶ 21 (8th Dist.), citing *State v. Wilson*, 73 Ohio St.3d 40, 46, fn. 6 (1995).

{¶ 18} In *State v. Helms*, 2015-Ohio-1708, ¶ 16 (7th Dist.), the court found that "speedy trial issues do not eliminate a criminal court's subject matter jurisdiction and do not result in void proceedings." *See also State v. Mitchell*, 2021-Ohio-4386, ¶ 13 (4th Dist.); *State v. Johnson*, 2017-Ohio-884 (11th Dist.). Because Ohio courts have held that speedy-trial violations do not strip a court of its subject-matter jurisdiction, we find that Hodges's argument in his second assignment of error is not well taken. Without deciding if Hodges's speedy-trial rights were violated, we can and do conclude that the trial court did not lack subject-matter jurisdiction to accept Hodges's guilty plea or enter a judgment of conviction.

{¶ 19} Hodges's second assignment of error is overruled.

{¶ 20} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LISA B. FORBES, PRESIDING JUDGE

EILEEN T. GALLAGHER, J., and
FRANK DANIEL CELEBREZZE, III, J., CONCUR