[Cite as *State v. Arios*, 2017-Ohio-656.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 104821

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## JOSE ARIOS

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-07-500492-B

**BEFORE:** Boyle, J., Kilbane, P.J., and McCormack, J.

**RELEASED AND JOURNALIZED:** February 23, 2017

**FOR APPELLANT**

Jose Arios, pro se
Inmate No. 544-918
Marion Correctional Institution
P.O. Box 57
Marion, Ohio   43301


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
BY:   Frank Romeo Zeleznikar
Assistant County Prosecutor
1200 Ontario Street, 8th Floor
Cleveland, Ohio   44113

MARY J. BOYLE, J.:

**{¶1}** Defendant-appellant, Jose Arios, appeals from a judgment denying his motion to be sentenced. He raises one assignment of error for our review:

> Whether the trial court's failure to properly impose terms of postrelease control; its failure to articulate [the sentence] with which the consecutive sentences were/are to be served, and its failure to render an ["adjudication of guilt"] upon acceptance of appellant's guilty plea implicates a valid final appealable order rendering the plea far less than the required knowingly, intelligently and voluntarily made and the attempted sentences void ab initio as a matter of law and fact.

**{¶2}** Finding no merit to his appeal, we affirm.

## I. Procedural History and Factual Background

**{¶3}** In May 2008, Arios was convicted by a jury of various drug-related charges, including seven counts of drug trafficking, three counts of drug possession, and one count of possessing criminal tools, and was sentenced to 47 years in prison. In his direct appeal, he raised four arguments: (1) that the trial court violated his rights to due process when it sentenced him to maximum, consecutive sentences, and failed to conduct a proportionality review, (2) that his convictions were against the weight of the evidence, (3) that the trial court erred when it quashed his subpoenas and when it failed to suppress evidence against him, and (4) that the trial court erred when it did not merge several of the offenses. *See State v. Arios*, 8th Dist. Cuyahoga No. 91506, 2009-Ohio-5814.

**{¶4}** In reviewing Arios's arguments on direct appeal, we found merit to his fourth assignment of error. We held that three of the trafficking counts and the three possession counts were allied offenses of similar import. *Id*. at ¶ 56. We ordered that the allied offenses be merged; reversed the convictions on all six counts held to be allied

offenses; remanded the case for an allied offense merger under R.C. 2941.25; vacated the sentence for all six counts held to be allied offenses; and otherwise affirmed. *Id.*

{¶5} Arios appealed our decision to the Ohio Supreme Court, but it denied leave to appeal because it found there were no substantial constitutional questions involved. *See State v. Arios*, 124 Ohio St.3d 1478, 2010-Ohio-354, 921 N.E.2d 248. Arios also filed an application to reopen his appeal, which this court denied. *See State v. Arios*, 8th Dist. Cuyahoga No. 91506, 2010-Ohio-1195.

{¶6} In June 2012, Arios moved for a new trial, which the trial court granted. In October of that same year, Arios pleaded guilty to six counts of drug trafficking, four counts of drug possession, and possessing criminal tools. The trial court sentenced him the same day, imposing a sentence of 14 years in prison after merging the four possession counts with four of the trafficking counts. The trial court also imposed five years of mandatory postrelease control and notified Arios of the consequences of violating the terms of his postrelease control.

{¶7} Arios did not timely appeal the trial court's judgment sentencing him. But in January 2014, Arios moved to vacate his sentence. The trial court denied this motion on February 10, 2014. Arios filed a notice of appeal of the trial court's February 10, 2014 judgment on July 23, 2014. This court dismissed the appeal as untimely on July 31, 2014. Arios refiled his notice of appeal of the February 10, 2014 judgment on September 2, 2014, and this court dismissed the appeal, noting that we already dismissed the appeal in a prior entry.

{¶8} On June 20, 2016, Arios filed a "motion for sentencing," which the trial

court denied on July 12, 2016.   It is from this judgment that Arios now appeals.

## II.   Untimely Petition for Postconviction Relief

{¶9}   A vaguely titled motion, including a motion to correct or vacate a sentence, may be construed as a petition for postconviction relief under R.C. 2953.21(A)(1) where (1) the motion was filed subsequent to a direct appeal, (2) claimed a denial of constitutional rights, (3) sought to render the judgment void, and (4) asked for a vacation of the judgment and sentence.   *State v. Reynolds*, 79 Ohio St.3d 158, 160-161, 679 N.E.2d 1131 (1997).   After review, we find that Arios's "motion for sentencing" meets these four requirements.   Accordingly, we shall construe Arios's motion for sentencing as a petition for postconviction relief.   *See also State v. Meincke*, 8th Dist. Cuyahoga No. 96407, 2011-Ohio-6473.

{¶10} R.C. 2953.21 through 2953.23 set forth the means by which a convicted defendant may seek to have the trial court's judgment or sentence vacated or set aside pursuant to a petition for postconviction relief.   A defendant's petition for postconviction relief is a collateral civil attack on his or her criminal conviction.   *See State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 48.   The statute affords relief from judgment where the petitioner's rights in the proceedings that resulted in his conviction were denied to such an extent the conviction is rendered void or voidable under the Ohio or United States Constitutions.   R.C. 2953.21(A); *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph four of the syllabus.

{¶11} A defendant, however, must file any motion to be considered pursuant to

R.C. 2953.21 within the jurisdictional, 180-day time limit delineated in the statute. R.C. 2953.21 provides that the petition must be filed within 180 days from the filing of the trial transcripts in the petitioner's direct appeal or, if a direct appeal was not pursued, 180 days after the expiration of the time in which a direct appeal could have been filed. Arios did not file his motion until well beyond the required 180 days.

{¶12} R.C. 2953.23(A)(1) allows a trial court to entertain an untimely or successive petition only if: (1) the petitioner was unavoidably prevented from discovering the facts on which the petition is predicated, or (2) the United States Supreme Court has recognized a new federal or state right that applies retroactively to the petitioner and the petition asserts a claim based on that new right. R.C. 2953.23(A)(1)(a). If the petitioner is able to satisfy one of these threshold conditions, he or she must then demonstrate that, but for the constitutional error at trial, no reasonable factfinder would have found him or her guilty of the offenses of which he was convicted. R.C. 2953.23(A)(1)(b).

{¶13} Therefore, unless it appears from the record that Arios was unavoidably prevented from discovering facts upon which he relied in his petition, or the United States Supreme Court has recognized a new federal or state right that applies retroactively to him, and that but for constitutional error at trial, no reasonable factfinder would have found him guilty, we are bound to conclude the trial court was without jurisdiction to consider his petition for postconviction relief.

## III. Analysis

{¶14} Arios does not even allege, let alone establish, any of the requirements

necessary to bring an untimely petition for postconviction relief. Arios does not claim that he was unavoidably prevented from discovering the facts upon which he relied in his petition. Nor has the United States Supreme Court recognized a new federal or state right that applies retroactively to Arios. Thus, he does not meet the threshold requirements that are necessary before a trial court can consider his petition.

{¶15} Accordingly, the trial court was without jurisdiction to address his petition except for his argument that the trial court did not properly impose postrelease control. It is well settled that a sentence that does not include the statutorily mandated term of postrelease control is void, is not precluded from appellate review by principles of res judicata, and may be reviewed at any time, on direct appeal or by collateral attack. *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, paragraph one of the syllabus; *see also State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, ¶ 16.

{¶16} We have reviewed the trial court's judgment entry and find that it properly advised Arios that he would be subject to five years of mandatory postrelease control, and it further advised him of the consequences he would face if he violated the terms of his postrelease control. To the extent that Arios argues the trial court failed to provide him with the proper oral notices at his sentencing hearing, we do not have a transcript before us on appeal and, thus, we must presume regularity. *State v. Love*, 8th Dist. Cuyahoga No. 102058, 2015-Ohio-1461, ¶ 11.

{¶17} Arios's sole assignment of error is overruled.

**{¶18}** Judgment affirmed.

It is ordered that appellee recover from appellant the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY J. BOYLE, JUDGE

MARY EILEEN KILBANE, P.J., and
TIM McCORMACK, J., CONCUR