[Cite as *State v. Alexander*, 2018-Ohio-1198.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 105969

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## CALVIN L. ALEXANDER

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-13-579939-A and CR-13-580048-A

**BEFORE:** E.T. Gallagher, P.J., Stewart, J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** March 29, 2018

**ATTORNEYS FOR APPELLANT**

Mark Stanton
Cuyahoga County Public Defender

BY:    Jeffrey Gamso
Assistant Public Defender
Courthouse Square, Suite 200
310 Lakeside Avenue
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

BY:    Anthony Thomas Miranda
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

EILEEN T. GALLAGHER, P.J.:

{¶1} Defendant-appellant, Calvin L. Alexander, appeals from the trial court's judgment denying his pro se motion to "nullify the judgment entry of convictions." He raises the following assignment of error for review:

> The trial court committed error when it denied Mr. Alexander's motion without appointing counsel to represent him and without explanation.

{¶2} After careful review of the record and relevant case law, we affirm the trial court's judgment.

## I. Procedural History

{¶3} At a single hearing held in March 2015, Alexander entered into a plea agreement with the state in Cuyahoga C.P. Nos. CR-13-579939-A and CR-13-580048-A. In Case No. CR-13-579939-A, Alexander pleaded guilty to one count of having weapons while under disability in violation of R.C. 2923.13(A)(2), with a forfeiture specification; and one count of drug trafficking in violation of R.C. 2925.03(A)(2), with forfeiture specifications and a one-year firearm specification. The remaining counts of the indictment were nolled.

{¶4} In Case No. CR-13-580048-A, Alexander pleaded guilty to four counts of aggravated robbery in violation of R.C. 2911.01(A)(1), with one-year firearm specifications; two counts of kidnapping in violation of R.C. 2905.01(A)(2), with one-year firearm specifications; and one count of having weapons while under disability in violation of R.C. 2923.13(A)(2). The remaining counts of the indictment were nolled.

**{¶5}** At a single sentencing hearing, the trial court sentenced Alexander to an aggregate 12-year prison term. In Case No. CR-13-579939-A, Alexander was sentenced to one year in prison for having weapons while under disability and one year in prison for drug trafficking. The sentences were run concurrent to each other, but consecutive to a one-year prison term imposed on the firearm specification attached to the trafficking offense.

**{¶6}** In Case No. CR-13-580048-A, Alexander was sentenced to a total of 11 years in prison. The trial court ordered the 11-year prison term to run concurrently with the sentence imposed on the underlying offenses in Case No. CR-13-579939-A, but consecutive to the one-year prison term imposed on the firearm specification in Case No. CR-13-579939-A.

**{¶7}** Alexander did not file a direct appeal from his convictions and sentence. Instead, Alexander filed a pro se motion to discharge his convictions in March 2015, alleging that his speedy trial rights were violated. In September 2015, the trial court denied Alexander's motion.

**{¶8}** In May 2017, Alexander filed a pro se "motion to nullify judgment entry of conviction and discharge defendant." In the motion, Alexander argued the judgment entries of conviction in Case Nos. CR-13-579939-A and CR-13-580048-A contain deficiencies and fail to comply with the mandatory requirements of Crim.R. 32. Because of the alleged deficiencies, Alexander sought vacation of his convictions and sentence, asserting that the judgment entries of conviction are void.

**{¶9}** In June 2017, the trial court denied Alexander's motion without a hearing.

**{¶10}** Alexander now appeals from the trial court's judgment.

## II. Law and Analysis

**{¶11}** In his sole assignment of error, Alexander argues the trial court erred by denying his motion to nullify the judgment entries of conviction without appointing counsel to represent him and without explanation.

**{¶12}** "Where a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21." *State v. Reynolds*, 79 Ohio St.3d 158, 160, 679 N.E.2d 1131 (1997), syllabus. Thus, for the purposes of this appeal, we construe Alexander's pro se motion to nullify the judgment of his convictions as a petition for postconviction relief.

**{¶13}** This court reviews the trial court's decision granting or denying a postconviction relief petition for an abuse of discretion. *State v. Kent*, 8th Dist. Cuyahoga No. 94562, 2010-Ohio-6368, ¶ 8, citing *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 45. A trial court is not obligated to hold a hearing on a petition for postconviction relief if the record and the petition fail to show that the defendant is entitled to relief. *State v. Williams*, 8th Dist. Cuyahoga No. 99357, 2013-Ohio-2706, ¶ 14, citing *State v. Calhoun*, 86 Ohio St.3d 279, 714 N.E.2d 905 (1999).

**{¶14}** Pursuant to R.C. 2953.21(A)(2), when no direct appeal is taken, a petitioner must file his or her petition for postconviction relief no later than 180 days after the expiration of the time for filing the direct appeal of the judgment of conviction. Here, Alexander was sentenced in March 2015, but his motion to nullify was not filed until May 2017, well beyond the time limit for filing a timely petition for postconviction relief. Consequently, the trial court would generally have no jurisdiction to consider his untimely petition for postconviction relief. *State v. Schultz*, 8th Dist. Cuyahoga No. 85430, 2005-Ohio-6627, ¶ 11.

**{¶15}** In this case, however, Alexander's untimely petition asserts that his sentences are void because the judgment entries of conviction in Case Nos. CR-13-579939-A and CR-13-580048-A are defective. In *State v. Boswell*, 121 Ohio St.3d 575, 2009-Ohio-1577, 906 N.E.2d 422, the Ohio Supreme Court held that a reviewing court has an obligation to recognize void sentences, vacate them, and order resentencing. *Id*. at ¶ 12. Relying on *Boswell*, this court has stated:

> [P]resumably, [the Ohio Supreme Court's decision] means that a trial court, confronted with an untimely or successive petition for postconviction relief that challenges a void sentence, must ignore the procedural irregularities of the petition [and vacate the sentence if necessary].

*State v. Meincke*, 8th Dist. Cuyahoga No. 96407, 2011-Ohio-6473, ¶ 13, quoting *State v. Holcomb*, 184 Ohio App.3d 577, 2009-Ohio-3187, 921 N.E.2d 1077, ¶ 19 (9th Dist.). In these circumstances, appellate courts, including this court, have addressed the merits of otherwise untimely petitions to determine if any alleged errors rendered the defendant's sentence void. *See State v. Bandy*, 8th Dist. Cuyahoga Nos. 101785 and 101786,

2015-Ohio-1033, ¶ 11; *State v. Arios*, 8th Dist. Cuyahoga No. 104821, 2017-Ohio-656, ¶ 15; *State v. Brown*, 4th Dist. Scioto No. 16CA3770, 2017-Ohio-4063, ¶ 29.

{¶16} On appeal, Alexander argues the judgment entries of conviction in Case Nos. CR-13-579939-A and CR-13-580048-A are "fatally defective and void" because they fail to specify "(1) the fact of conviction, (2) the verdict, (3) that the court gave him an opportunity to present mitigating evidence, (4) that the court gave him an opportunity to allocute, or (5) that the court informed him of his appellate rights, or that he requested an appeal and appointment of counsel for that appeal."

{¶17} Crim.R. 32(C) provides that "[a] judgment of conviction shall set forth the fact of conviction and the sentence." The purpose of Crim.R. 32(C) is to ensure that a defendant is on notice concerning when a final judgment has been entered, and the time for filing an appeal has begun to run. *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, ¶ 10.

{¶18} In this case, a review of the judgment entries of conviction demonstrates that in each instance, the trial court memorialized Alexander's guilty pleas and set forth his prison sentence in detail. In addition, each entry contains the judge's signature, and the clerk of court's time stamp.

{¶19} Alexander does not dispute that the trial court sufficiently set forth his sentence in each journal entry. However, without expounding, Alexander broadly complains that the entries did not contain "the fact of the conviction or verdict."

Although Alexander's position is vague, it appears he is arguing that the mere notation that Alexander pleaded guilty is not enough to satisfy the requirement of Crim.R. 32(C).

**{¶20}** This court rejected a similar claim in *State v. Rogers*, 8th Dist. Cuyahoga No. 99246, 2013-Ohio-3246. In *Rogers*, this court held that by stating in its journal entry that the defendant had entered a plea of guilty, the trial court satisfied the requirement that a judgment set forth "the fact of conviction." *Id.* at ¶ 19, citing *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163. *See also State v. Taylor*, 8th Dist. Cuyahoga No. 104313, 2016-Ohio-8057, ¶ 8.

**{¶21}** Following the clear precedent of this court, we find the trial court satisfied the requirement that a judgment set forth "the fact of conviction" by stating in each journal entry that Alexander "plead guilty" to the offenses specified therein. Contrary to Alexander's position, the trial court was not also required to make a specific finding of guilt or render a guilty verdict in order to comply with Crim.R. 32(C). *Rogers* at ¶ 17.

**{¶22}** With respect to Alexander's remaining challenges to the contents of the judgment entries of conviction, we recognize that Crim.R. 32(A)(1) requires a trial court to "afford counsel an opportunity to speak on behalf of the defendant and address the defendant personally and ask if he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment." Similarly, Crim.R. 32(B) requires the trial court to advise a defendant of his or her right to appeal the conviction.

**{¶23}** Alexander does not assert that the trial court failed to comply with Crim.R. 32(A)(1) and 32(B) at the time of his sentencing hearing. Instead, Alexander argues his sentences are void because the judgment entries of conviction do not contain statements by the court that it afforded Alexander allocution and advised him of his appellate rights. Alexander, however, has failed to direct this court to any controlling legal authority to suggest the trial court was required to reflect its compliance with Crim.R. 32(A)(1) and 32(B) in the respective judgment entries of conviction. In fact, this court has consistently recognized that no duty exists under Crim.R. 32 to state in a sentencing entry that the defendant was advised of his right to appeal. *State ex rel. Locke v. Friedland*, 8th Dist. Cuyahoga No. 106330, 2018-Ohio-180, ¶ 8. Accordingly, we find the trial court had no obligation to memorialize the Crim.R. 32(A)(1) and 32(B) notifications in the judgment entries of conviction.

**{¶24}** Next, Alexander asserts that his purported sentence is void due to the trial court's failure to order a presentence investigation. He contends that the trial court's inaction "prevented him from receiving a sentence of community control and violated his rights under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and its progeny." We are not persuaded by Alexander's argument. Crim.R. 32.2, governing presentence investigations, mandates that such reports are required only in instances when the court imposes community control sanctions or probation. Because Alexander was sentenced to prison, there was no requirement that the court order a presentence investigation report.

**{¶25}** Finally, Alexander argues the trial court committed reversible error by denying his motion to nullify without affording him the assistance of counsel. In the context of postconviction proceedings, the Ohio Supreme Court has held that "[a]n indigent petitioner has neither a state nor a federal constitutional right to be represented by appointed counsel in a postconviction proceeding." *State v. Crowder*, 60 Ohio St.3d 151, 152, 573 N.E.2d 652 (1991), citing *Pennsylvania v. Finley*, 481 U.S. 551, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987); *State v. Taylor*, 8th Dist. Cuyahoga No. 102020, 2015-Ohio-1314, ¶ 9. Accordingly, the trial court was not required to appoint Alexander postconviction counsel.

**{¶26}** Based on the foregoing, we find the record and petition do not identify an error that would render Alexander's sentences void. Accordingly, the trial court did not abuse its discretion in denying the petition for postconviction relief without holding a hearing.

**{¶27}** Alexander's sole assignment of error is overruled.

**{¶28}** Judgment affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

EILEEN T. GALLAGHER, PRESIDING JUDGE

MELODY J. STEWART, J., and
PATRICIA ANN BLACKMON, J., CONCUR