[Cite as *State v. Othberg*, 2020-Ohio-664.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

STATE OF OHIO, :

    Plaintiff-Appellee, :

                              No. 108351

    v. :

ROBERT OTHBERG, :

    Defendant-Appellant. :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** DISMISSED
**RELEASED AND JOURNALIZED:** February 27, 2020

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-19-636431-A

---

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Daniel Cleary, Assistant Prosecuting Attorney, *for appellee.*

Erin R. Flanagan, *for appellant.*

ANITA LASTER MAYS, J.:

{¶ 1} On March 20, 2019, defendant-appellant Robert Othberg ("Othberg") entered a plea of guilty to rape, R.C. 2907.02(A)(1)(c), in exchange for the state's dismissal of the accompanying charge of rape, R.C. 2907.02(A)(2), and the deletion

of all specifications.  Othberg received an 11-year sentence, 5 years of postrelease control (R.C. 2967.28), and a Tier III sex offender designation.

{¶ 2}  Counsel appointed to represent Othberg in the instant appeal has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and requested leave to withdraw as counsel.  *Anders* held that where, after a conscientious examination of the case, appellate counsel is unable to find any meritorious issues for review, then counsel should inform the court and request permission to withdraw from the case.  *Id.* at 744.  In addition, the request must be

> accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court — not counsel — then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal.

*Id.*  If this court determines that one or more legal points have merit, the defendant will be afforded counsel to argue the appeal.  *Id.*

{¶ 3}  Counsel offers that there are no meritorious arguments in this case. Appellant was afforded an opportunity to file a pro se brief in this appeal on or before September 16, 2019, but failed to do so.  After a thorough independent review of the record, we grant counsel's motion to withdraw and dismiss this appeal.

## I.    Discussion of Potential Assignment of Error

{¶ 4}  Counsel identifies a single potential assignment of error but explains that the error is not prejudicial and meritorious of review.  The trial court did not order a presentence-investigation report ("PSI") after Othberg entered his plea and

prior to rendering a sentence, though the record indicates Othberg suffers from alcohol abuse. Counsel offers that the court acted within its discretion in sentencing Othberg but offers that the better course may have been to obtain a mental health mitigation report and substance abuse assessment to assist Othberg and the family member victim with recovery and healing.

{¶ 5} PSI reports are only required where a court is imposing probation or community control sanctions. *State v. Alexander*, 8th Dist. Cuyahoga No. 105969, 2018-Ohio-1198, ¶ 24, citing Crim.R. 32.2. *See also State v. Cyrus*, 63 Ohio St.3d 164, 165-166, 586 N.E.2d 94 (1992), citing Crim.R. 32.2 and R.C. 2947.06. Rape is a first-degree felony, and Othberg has prior felony convictions including aggravated murder, felonious assault, and multiple gross sexual imposition counts.

{¶ 6} The trial court heard a statement from the victim and mitigation testimony from counsel and defendant. The trial court stated,

> I've reviewed the plea negotiations because that was significant. I listened to the victim, your niece. I listened to what your attorney had to say also on your behalf.
>
> The decision is not whether you're going to prison, because you're going, the decision is how long will you be there. When I look at the history and when I look at the progression of the offenses, of the manner of the offenses, sex-related offenses, I have to make sure that we protect the public from future crimes by you, the defendant.
>
> The Court finds that prison is consistent with the purposes of 2929.11, and the Court does therefore sentence you, Mr. Othberg, to the maximum 11 years in prison. You will be subject to five years, as I previously indicated, mandatory PRC.

(Tr. 23-25.) The trial court also explained PRC and the sex offender designation and requirements.

**{¶ 7}** Othberg was not eligible for probation or community control sanctions. The failure to order a PSI did not constitute an error in this case. *Alexander*, 8th Dist. Cuyahoga No. 105969, 2018-Ohio-1198, ¶ 24*; Cyrus*, 63 Ohio St.3d 164, 165-166, 586 N.E.2d 94; Crim.R. 32.2; and R.C. 2947.06.

**{¶ 8}** As required by *Anders*, this court has examined and considered the argument identified in counsel's *Anders* brief. We conclude that there are no arguable legal points on the merits of this matter. This appeal is wholly frivolous pursuant to *Anders*. Counsel's request to withdraw is granted, and we dismiss this appeal.

**{¶ 9}** Judgment is dismissed.

It is ordered that appellee recover from appellant costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, JUDGE

EILEEN T. GALLAGHER, A.J., and
EILEEN A. GALLAGHER, J., CONCUR