EILEEN A. GALLAGHER, P.J.:
{¶ 1} Defendant-appellant Javonte Hodges appeals, pro se, from the trial court's denial of his postconviction motion to withdraw his guilty pleas. For the reasons that follow, we affirm the trial court's judgment.
Factual and Procedural Background
{¶ 2} On May 21, 2012, a Cuyahoga County Grand Jury indicted Hodges on two counts of aggravated murder, two counts of aggravated robbery, one count of improperly handling firearms in a motor vehicle and one count of having weapons while under disability. The aggravated murder and aggravated robbery counts included one-year and three-year firearm specifications. The charges arose out of a March 14, 2012 incident in which Hodges, along with two co-defendants, Deante Kidd and John Johnson, robbed, shot and killed Christopher Johnson as a result of a drug deal "gone bad." Hodges shot the victim in the back of the head at close range while the victim was driving a vehicle. See State v. Hodges , 8th Dist. Cuyahoga No. 99511, 2013-Ohio-5025, 2013 WL 6047189, ¶ 5 (" Hodges I ").
{¶ 3} In August 2012, the trial court referred Hodges to the court psychiatric clinic to determine whether he was sane at the time of the act and competent to stand trial. In September 2012, defense counsel stipulated to the court psychiatric clinic's findings that Hodges was sane at the time of the act and competent to stand trial.
{¶ 4} In December 2012, Hodges and the state reached a plea agreement. Hodges pled guilty to an amended count of murder with a three-year firearm specification and to one count each of aggravated robbery with a three-year firearm specification, improperly handling firearms in a motor vehicle and having weapons while under disability. In exchange for Hodges' guilty pleas, the one-year firearm specifications were deleted and the remaining counts were nolled.
{¶ 5} The murder, aggravated robbery and improperly handling firearms in a motor vehicle counts were merged and the state elected to proceed to sentencing on the murder count. The trial court sentenced *1048 Hodges to an aggregate prison term of 20 years to life that incorporated three years on the firearm specification, to be served prior to and consecutively to a sentence of 15 years to life on the murder charge, and 24 months on the having weapons while under disability count, to be served consecutively to the sentence on the murder count.
{¶ 6} Hodges appealed his sentences, arguing that the trial court had failed to properly consider and apply the principles and purposes of sentencing under R.C. 2929.11 and the sentencing factors under R.C. 2929.12, had failed to merge the murder and having weapons while under disability counts and had failed make the necessary findings for the imposition of consecutive sentences pursuant to R.C. 2929.14(C)(4). Hodges I , 2013-Ohio-5025, at ¶ 6. Finding that the trial court did not comply with R.C. 2929.14(C)(4), this court reversed Hodges' consecutive_sentences and remanded for resentencing. Id. at ¶ 26-29. After the trial court sentenced Hodges to consecutive sentences on remand, Hodges once again appealed the consecutive sentences. State v. Hodges , 8th Dist. Cuyahoga No. 101145, 2014-Ohio-4690, 2014 WL 5409133, ¶ 1 (" Hodges II "). This court affirmed the judgment, concluding that the trial court had made the necessary findings to support the imposition of consecutive sentences on the record, but remanded the case for the trial court to issue a nunc pro tunc sentencing journal entry that complied with State v. Bonnell , 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659. Hodges II at ¶ 16.
{¶ 7} On March 9, 2016-more than three years after he entered his guilty pleas-Hodges filed, pro se, a motion to withdraw his pleas. He argued that his guilty pleas were not made knowingly, intelligently and voluntarily because he was "under the heavy influence of mind-altering drugs" at the time he entered his guilty pleas and did not receive effective assistance of counsel. Hodges contended that his trial counsel was ineffective because he:
"fail[ed] to discuss the facts of the case with him; did not interview potential witnesses; disregarded information identifying the true offender(s); told the defendant that he would be found guilty and sentenced to the maximum sentence regardless of whether he had committed the crime(s); failed to discuss defense tactics, strategies or the nature and effect of his guilty pleas(s) and made no effort to produce mitigation evidence at the sentencing hearing(s)."
He also claimed that defense counsel had "promised" him that he would receive a plea deal to a reduced charge of involuntary manslaughter "as his co-defendants received such." No affidavits or other evidentiary materials were submitted in support of the motion.
{¶ 8} On June 14, 2016, Hodges filed a "supplemental motion" to withdraw his guilty pleas citing additional legal authority and purporting to attach an affidavit from codefendant Kidd in support of his motion. No such affidavit was attached.
{¶ 9} The state opposed Hodges' motion to withdraw his guilty pleas, arguing that the motion lacked evidentiary support, was untimely and was barred by res judicata. The trial court summarily denied Hodges' supplemental motion on November 1, 2016. On April 19, 2017, the trial court summarily denied Hodges' original motion to withdraw his guilty pleas.
{¶ 10} Hodges appealed from the trial court's April 19, 2017 order, raising the following assignments of error for review:
ASSIGNMENT OF ERROR NO. 1:
Counsel's ineffectiveness in the plea bargain phase.
*1049 ASSIGNMENT OF ERROR NO. 2:
Counsel was ineffective for not bringing forth appellant's well documented mental health issues.
Law and Analysis
{¶ 11} In his first assignment of error, Hodges contends that his trial counsel misled him into believing that he would be pleading guilty to involuntary manslaughter rather than to murder. He contends that, were it not for the ineffective assistance of his trial counsel, he would have accepted a plea offer for "a definite term of imprisonment in this matter of eleven years" and he, therefore, should have been permitted to withdraw his guilty pleas and accept the state's "original plea offer" of involuntary manslaughter[1] .
Motion to Withdraw Guilty Pleas
{¶ 12} Motions to withdraw guilty pleas are governed by Crim.R. 32.1. Crim.R. 32.1 provides: "A motion to withdraw a plea of guilty may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Accordingly, a defendant seeks to withdraw a guilty plea after sentence has been imposed, he or she must demonstrate "manifest injustice." State v. Smith , 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph one of the syllabus.
{¶ 13} Manifest injustice is a "clear or openly unjust act," State ex rel. Schneider v. Kreiner , 83 Ohio St.3d 203, 208, 699 N.E.2d 83 (1998), that is "evidenced by 'an extraordinary and fundamental flaw in the plea proceeding,' " State v. McElroy , 8th Dist. Cuyahoga Nos. 104639, 104640 and 104641, 2017-Ohio-1049, 2017 WL 1091642, ¶ 30, quoting State v. Hamilton , 8th Dist. Cuyahoga No. 90141, 2008-Ohio-455, 2008 WL 324791, ¶ 8 ; see also State v. Stovall, 8th Dist. Cuyahoga No. 104787, 2017-Ohio-2661, 2017 WL 1742998, ¶ 17 (" 'Manifest injustice relates to some fundamental flaw in the proceedings which result[s] in a miscarriage of justice or is inconsistent with the demands of due process.' "), quoting State v. Williams , 10th Dist. Franklin No. 03AP-1214, 2004-Ohio-6123, 2004 WL 2616430, ¶ 5. The determination of whether the defendant has demonstrated manifest injustice is within the sound discretion of the trial court. State v. Vinson , 2016-Ohio-7604, 73 N.E.3d 1025, ¶ 42 (8th Dist.), citing Smith at paragraph two of the syllabus. We will not reverse a trial court's ruling on a postsentence motion to withdraw a guilty plea unless the court abused its discretion. Id. To constitute an abuse of discretion, the trial court's decision must be unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore , 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).
Ineffective Assistance of Counsel
{¶ 14} Under certain circumstances, ineffective assistance of counsel can constitute a manifest injustice warranting a withdrawal of a guilty plea. See, e.g., State v. Montgomery , 8th Dist. Cuyahoga No. 103398, 2016-Ohio-2943, 2016 WL 2757703, ¶ 4. However, where a defendant enters a guilty plea, he or she waives ineffective assistance of counsel except to the extent that the ineffective assistance of counsel caused the defendant's plea to be less than knowing, intelligent and voluntary. Vinson at ¶ 30 ; State v. Williams , 8th Dist. Cuyahoga No. 100459, 2014-Ohio-3415, 2014 WL 3866137, ¶ 11. A defendant who has entered a guilty plea can prevail on a claim of ineffective assistance of counsel *1050 only by demonstrating (1) deficient performance by counsel, i.e., that counsel's performance fell below an objective standard of reasonable representation, that caused the defendant's guilty plea to be less than knowing, intelligent and voluntary and (2) that there is a reasonable probability that, but for counsel's deficient performance, the defendant would not have pled guilty to the offenses at issue and would have, instead, insisted on going to trial. Williams at ¶ 11, citing State v. Xie , 62 Ohio St.3d 521, 524, 584 N.E.2d 715 (1992), and Hill v. Lockhart , 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985) ; see also Strickland v. Washington , 466 U.S. 668, 687-688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) ; State v. Bradley , 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraphs two and three of the syllabus. A "reasonable probability" is a "probability sufficient to undermine confidence in the outcome." Strickland at 694, 104 S.Ct. 2052. Hodges has not met his burden in this case.
{¶ 15} First, it is not clear from Hodges' brief (or the motion he filed below) what Hodges' trial counsel allegedly said or did that caused Hodges to believe that he would be pleading guilty to involuntary manslaughter rather than to murder. However, to the extent that Hodges' ineffective assistance of counsel arguments could have been raised in his prior direct appeal based on facts in the record, his arguments are barred by res judicata. See, e.g., State v. Kraatz , 8th Dist. Cuyahoga No. 103515, 2016-Ohio-2640, 2016 WL 1600325, ¶ 9 ("In a postconviction proceeding, res judicata bars the assertion of claims against a valid, final judgment of conviction that have been raised or could have been raised on appeal. * * * Courts have repeatedly applied the doctrine of res judicata to postconviction motions to withdraw a guilty plea under Crim.R. 32.1."); see also State v. Congress , 8th Dist. Cuyahoga No. 102867, 2015-Ohio-5264, 2015 WL 9239097, ¶ 6.
{¶ 16} To the extent that Hodges' ineffective assistance of counsel arguments are based on discussions with his attorney or others that would require evidence outside the record, they would not be barred by res judicata. However, Hodges failed to attach affidavits or any other evidence to support the allegations raised in his motion to withdraw his guilty pleas when he filed it below.[2] Without evidence to support his claims, Hodges failed to establish manifest injustice warranting the withdrawal of his guilty pleas.
{¶ 17} Furthermore, the transcript from the plea hearing belies Hodges' claims that he was misled into pleading guilty to murder rather than involuntary manslaughter.[3] At the outset of the plea *1051 hearing, the state indicated that Hodges would be pleading guilty to an "amended charge of murder," as well as charges of aggravated robbery, improperly handling firearms in a motor vehicle and having weapons while under disability and identified the potential penalties associated with each count. Defense counsel confirmed the terms of the plea agreement and stated that, based on his conversations with Hodges, "[he] understands that the aggravated murder is going to be reduced to a murder which means that it's a life sentence, he understands it. He understands that he's eligible in 25 years plus three years for the gun. Therefore, it's a minimum sentence of 18 to life on that count." The trial judge then proceeded with the plea colloquy. During the plea colloquy, he trial court identified each of the offenses to which Hodges would be pleading guilty and again outlined the penalties he faced on each count, including that Hodges faced a minimum sentence of 18 years to life on the murder charge with the three-year firearm specification. Hodges indicated that he understood this.
{¶ 18} Hodges confirmed that no threats, promises or inducements had been made to him by anyone to cause him to enter his guilty pleas, stated that he understood "everything" and indicated that he was satisfied with the services rendered by his trial counsel. Hodges also acknowledged that his guilty pleas were voluntary based on his "own free will and desire."
{¶ 19} Accordingly, the trial court did not abuse its discretion in denying Hodges' motion to withdraw his guilty pleas.[4] Hodges' assignments of error are overruled.
Failure to Bring Mental Health Issues to the Attention of the Trial Court
{¶ 20} In his second assignment of error, Hodges contends that his trial counsel was ineffective for failing to bring his "well-documented mental health issues" to the attention of the trial court. He asserts that if the findings from the court psychiatric clinic's report had been "properly placed before a jury," it would have "mitigated the sentence" imposed. Hodges' arguments are meritless.
{¶ 21} First, Hodges did not specifically raise this issue below. It is well-established that, except for a claim of plain error-which has not been made here-an appellant cannot raise an issue for the first time on appeal. See, e.g., State v. Phillips , 74 Ohio St.3d 72, 93, 656 N.E.2d 643 (1995) ("An issue is waived, absent a showing of plain error, if it is not raised at the trial level."). Second, Hodges is appealing from the trial court's denial of his motion to withdraw his guilty pleas, not his sentences. Third, because Hodges could have raised the issue in his prior direct appeal, it is barred by res judicata. See, e.g., *1052 Kraatz , 2016-Ohio-2640, at ¶ 9. Finally, it is clear from the record that the trial court received and reviewed the report from the court psychiatric clinic prior to sentencing Hodges in this case.
{¶ 22} Based on the record before us, we cannot say that the trial court abused its discretion in denying Hodges' motion to withdraw his guilty pleas. Hodges' assignments of error are overruled.
{¶ 23} Judgment affirmed.
TIM McCORMACK, J., and FRANK D. CELEBREZZE, JR., J., CONCUR

There is no evidence in the record that the state offered Hodges a plea deal that involved a plea to a charge of involuntary manslaughter.

Hodges attached two affidavits from codefendant Johnson, dated May 10, 2017, to his appellate brief. However, these affidavits were not part of the record below. A party cannot add to the record on appeal by attaching to its brief affidavits or other materials that were not part of the record below. See, e.g., State v. Workman , 8th Dist. Cuyahoga No. 53581, 1988 WL 35272, at *4 (Mar. 24, 1988) ("affidavits attached to a party's appellate brief are not part of the record on appeal and cannot be considered by a reviewing court"), citing State v. Tate , 59 Ohio St.2d 50, 51, 391 N.E.2d 738 (1979), fn.1 ; Lisboa v. Lisboa , 8th Dist. Cuyahoga No. 95673, 2011-Ohio-351, 2011 WL 319956, ¶ 10 ("This court cannot consider matters dehors the record. * * * An exhibit attached to an appellate brief and not filed with the trial court is not part of the record."); see also App.R. 9(A). Accordingly, we will not consider Johnson's affidavits.

With his notice of appeal, Hodges filed, pro se, a statement and praecipe stating that he did not intend to file a transcript of all of the trial court proceedings and that there were "no transcripts needed in this matter." The state asserts that, because Hodges did not file a transcript in this appeal, we should presume that Hodges was "adequately advised of the charges he was pleading to and that he was satisfied with the representation of his trial counsel." We note, however, that the transcript from the plea hearing was part of the record in Hodges' prior appeal of his consecutive sentences in Hodges I and is, therefore, available to the court. Further, the state specifically referenced the transcript in its opposition to Hodges' motion to withdraw his guilty pleas. As explained above, even if we were to consider the transcript of the plea hearing, it would not change the result here.

As noted above, Hodges also argued below-without any evidentiary support-that his guilty pleas should be vacated because he was on "mind-altering drugs" at the time he entered his guilty pleas and his trial counsel failed to adequately investigate his case. Hodges abandoned these arguments on appeal. However, even if he had not abandoned them, they would not have constituted grounds for vacating his guilty pleas for the same reasons as Hodges' involuntary manslaughter argument, i.e., the res judicata bar and lack of evidentiary support.